```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
JOSEPH J. WATSON,                   :
                                    :
                  Petitioner,       :
                                    : 11 Civ. 3591 (PGG)(THK)
                                    :
       -against-                    :
                                    : REPORT AND RECOMMENDATION
NORMAN R. BEZIO,                    :
                                    :  (PRO SE)
                  Respondent.       :
------------------------------------X
```

**TO: HON. PAUL G. GARDEPHE, UNITED STATES DISTRICT JUDGE.**
**FROM: THEODORE H. KATZ, UNITED STATES MAGISTRATE JUDGE.**

This habeas corpus proceeding was referred to this Court for a Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72.1(a) of the Local Civil Rules of the Southern District of New York. Petitioner Joseph J. Watson was convicted in New York Supreme Court, New York County, of Grand Larceny in the Second Degree, N.Y. Penal Law § 155.40, and Criminal Possession of Stolen Property in the Second Degree, N.Y. Penal Law § 165.52, and was sentenced to an indeterminate prison term of seven to fourteen years on the larceny count, to run concurrently with an indeterminate prison term of three and one-half to seven years on the possession of stolen property count. The sentencing court also ordered Petitioner to pay restitution or face an additional year of imprisonment. Petitioner failed to pay restitution, and, on June 4, 2005, Petitioner was re-sentenced to an indeterminate prison term of seven and one-half to fifteen years. Petitioner is

presently incarcerated at the Great Meadows Correctional Facility in Comstock, New York.

Petitioner seeks habeas relief pursuant to 28 U.S.C. § 2254, claiming that (1) re-sentencing him for failing to pay restitution violated the Double Jeopardy Clause of the Fifth Amendment, (2) the State failed to provide Petitioner with sufficient details about the charges against him, and (3) Petitioner was denied the right to confront one of the State's witnesses against him. For the reasons that follow, this Court respectfully recommends that the Petition be dismissed.

## BACKGROUND

I. Factual History

Petitioner was arrested on September 22, 2003 for his role in a scheme to steal money from Budget and Credit Counseling Services ("BUCCS"), a not-for-profit corporation. (See Respondent's Memorandum of Law in Support of its Motion to Dismiss ("Resp't's Mem.") at 2.) Petitioner's ex-girlfriend, Jaqueline Odom, worked at BUCCS and had the authority to issue BUCCS checks and enter new creditors into the BUCCS disbursement system. (See id.) Petitioner worked with Ms. Odom to have checks issued by BUCCS to Petitioner and his alleged business, Watson Publications. (See id.) Watson Publications maintained a bank account at Fleet Bank, where Petitioner's wife, Robin Watson, worked and was able to

assist Petitioner in cashing BUCCS checks. (See id.) Petitioner, his wife, and Ms. Odom successfully stole more than $425,000.00 from the organization before being caught. (See id.)

After his arrest on September 22, 2003, Petitioner was charged by felony complaint with one count of Grand Larceny in the Second Degree and one count of Criminal Possession of Stolen Property in the Second Degree. (See Rodriguez Declaration ("Rodriguez Decl."), Exhibit B ("Ex. B") ¶ 5.) On October 10, 2003, Petitioner was arraigned on Indictment 5277/2003, which charged Petitioner with Grand Larceny in the Second Degree. (See id. ¶ 6.) At that point, Petitioner was the only individual charged in the scheme to steal from BUCCS. However, prosecutors eventually gathered enough evidence to charge Ms. Odom and Mrs. Watson, and, on January 30, 2004, the State filed a superceding indictment, Indictment 0229/2004, adding both women as defendants, as well as an additional charge against Petitioner of Criminal Possession of Stolen Property in the Second Degree. (See id.) Both Ms. Odom and Mrs. Watson pleaded guilty prior to trial. (See id.)

Petitioner proceeded to trial before a jury and was convicted on both counts. On October 27, 2004, the trial court sentenced Petitioner to an indeterminate prison term of seven to fourteen years and to pay restitution to BUCCS in the amount of $463,050.00. (See Affirmation of Dana Poole ("Poole Aff."), Assistant District

3

Attorney, attached as Ex. 5 to Pet., ¶ 9; Affirmation of Jared Wolkowitz, Assistant District Attorney, attached to Petitioner's ("Pet'r's") Reply, ¶ 2.) The court informed Petitioner that if he failed to pay restitution, he would be sentenced to an additional year in prison. (See Poole Aff. ¶ 9.) On June 4, 2005, having failed to pay restitution, Petitioner was re-sentenced to an indeterminate prison term of seven and one-half to fifteen years. (See id.)

## II. Procedural History

### A. State Court Proceedings

Prior to trial, Petitioner made several motions to dismiss the criminal charges against him. First, on October 31, 2003, Petitioner filed an omnibus motion to dismiss the indictment against him for factual insufficiency. (See Rodriguez Decl., Ex. A at 3.) After an in camera review of the grand jury minutes, the court denied Petitioner's motion on December 16, 2003. (See id.)

Next, on February 17, 2004, Petitioner moved to dismiss the superceding indictment due to an alleged violation of New York Criminal Procedure Law § 190.50, which provides individuals under investigation by a grand jury the right to appear before the grand jury. (See id. at 4.) Three days later, Petitioner filed a motion to dismiss the superceding indictment due to insufficiency of the evidence. (See id.) The trial court dismissed both motions. (See

4

id.) Petitioner also filed a pro se Article 78 petition to compel the trial court to dismiss the superceding indictment based on the same grounds as those in Petitioner's October 31, 2003 motion to dismiss, as well as the fact that the grand jury foreman failed to sign the indictment. (See id.) The court denied Petitioner's Article 78 petition.[1] (See id.)

On October 27, 2004, following his conviction, Petitioner filed a notice of appeal with the New York Appellate Division, First Department. (See id. at 5.) Petitioner never perfected this appeal, but the appeal has not been dismissed. (See id.; Resp't's Mem. at 6.)

Five years later, on June 30, 2009, Petitioner filed a motion to vacate his sentence pursuant to New York Criminal Procedure Law § 440.10. (See Rodriguez Decl. Ex. A.) Petitioner presented three claims in his § 440.10 motion: (1) the trial court lacked personal jurisdiction because the criminal complaint was defective; (2) the prosecution entered into evidence unsigned checks from BUCCS; and

---

[1] In addition to these motions, Petitioner, who was represented by counsel, filed a pro se petition for a writ of habeas corpus on July 27, 2004. (See Rodriguez Decl. Ex. A at 4.) Petitioner raised a number of claims in his petition, including: (1) he did not commit the charged offenses; (2) he did not have an opportunity to confront the witnesses against him; (3) the police did not have probable cause to arrest Petitioner; (4) the indictment was based on hearsay; and (5) there were no eye-witnesses to the charged offenses. (See id.) This petition was dismissed. (See id.)

(3) Petitioner was never informed of the nature and cause of the charges against him. (See id. at 1.) The district attorney opposed Petitioner's motion. (See id. Ex. B.)

On September 24, 2009, the New York Supreme Court denied Petitioner's § 440.10 motion. (See Decision of the New York Supreme Court, attached as Ex. C to Rodriguez Decl.) The court determined that Petitioner's claim that the trial court lacked jurisdiction was procedurally barred because Petitioner could have raised the issue on direct appeal. (See Ex. C at 2.) The court explained, "[Petitioner]'s failure to file a direct appeal in which he could have raised this issue prevents this court from reviewing it in a post-judgment motion." (See id.) Nevertheless, the court went on to explain that the felony complaint against Petitioner was not defective, and, even if it were defective, it was superseded by a valid grand jury indictment, which creates an independent basis for jurisdiction. (See id. at 2-3.) The court also found that Petitioner's claim about the unsigned checks did not entitle him to post-judgment relief. The court explained that Petitioner was required to raise this claim on direct appeal, and, in any event, contrary to Petitioner's contentions, the checks were not presented at trial and the jury did not consider them in reaching its verdict. (See id. at 4.) Lastly, the court determined that it could not review Petitioner's claim that he did not receive

6

adequate notice of the charges against him because it stemmed from his claim that the felony complaint was defective. (See id. at 4.)

Petitioner applied to the Appellate Division First Department for leave to appeal, on October 27, 2009. (See Rodriguez Decl. Ex. D.) On July 7, 2010, the Appellate Division denied Petitioner leave to appeal, finding that "there is no question of law or fact presented which ought to be reviewed [by this court] . . . ." (Rodriguez Decl. Ex. F.)

### B. Habeas Corpus Proceedings

On February 4, 2005, Petitioner filed a petition for a writ of habeas corpus in this Court. On March 9, 2005, the Court dismissed the petition as premature because Petitioner's direct appeal was pending before the Appellate Division First Department. See Watson v. Annetts, No. 05 Civ. 1822 (MBM) (S.D.N.Y. Mar. 25, 2005). The dismissal was without prejudice to Petitioner filing a new petition once he exhausted his state court remedies. Id.

On May 26, 2009, Petitioner filed a second petition for a writ of habeas corpus with this Court. See Watson v. LeClair, No. 09 Civ. 4870 (KMW) (S.D.N.Y. May 26, 2009). On the same day, the Court dismissed the petition as premature given that his appeal was still pending before the Appellate Division. See id. Again, the Court dismissed the petition without prejudice to Petitioner filing a new petition after exhausting his state court remedies. See id.

Plaintiff filed a third petition for a writ of habeas corpus on November 9, 2010. (See Watson v. Vance, No. 10 Civ. 9001 (NRB) (S.D.N.Y. Mar. 15, 2011) attached as Ex. A to Pet'r's Reply.) Again, the Court dismissed the petition as premature given that Petitioner had not yet resolved his direct appeal. (See id.) The Court made clear that "a petition for a writ of habeas corpus must follow the exhaustion of the remedies available in state court, which in New York State includes an application for leave to appeal to the New York State Court of Appeals." (See id.) As in his prior cases, the Court dismissed the petition without prejudice.

Presently before the Court is Petitioner's fourth Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner presents three claims in his Petition, namely (1) re-sentencing him for failing to pay restitution violated the Double Jeopardy Clause of the Fifth Amendment, (2) the State failed to provide Petitioner with sufficient details about the charges against him, and (3) Petitioner was denied the right to confront one of the State's witnesses against him. Respondent has moved to dismiss the Petition as premature because Petitioner has yet to perfect his direct appeal. For the reasons that follow, the Court recommends that the Petition be dismissed.

## DISCUSSION

I. <u>Exhaustion and Procedural Bar</u>

Before a federal court may consider a state prisoner's petition for a writ of habeas corpus, all state remedies must be exhausted. <u>See</u> 28 U.S.C. § 2254(b)(1)(A); <u>Cone v. Bell</u>, 556 U.S. 449, --, 129 S. Ct. 1769, 1780 (2009); <u>Picard v. Connor</u>, 404 U.S. 270, 275-76, 92 S. Ct. 509, 512 (1971); <u>Carvajal v. Artus</u>, 633 F.3d 95, 104 (2d Cir. 2011). To satisfy the exhaustion requirement of 28 U.S.C. § 2254, "it is not sufficient merely that the [petitioner] has been through the state courts." <u>Picard</u>, 404 U.S. at 275-76, 92 S. Ct. at 512. Rather, the claims must be "fairly presented" to the state courts so that the state has an opportunity to correct any alleged constitutional violations. <u>See</u> <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 848, 119 S. Ct. 1728, 1734 (1999); <u>Castille v. Peoples</u>, 489 U.S. 346, 351, 109 S. Ct. 1056, 1060 (1989); <u>Picard</u>, 404 U.S. at 275-76, 92 S. Ct. at 512. Moreover, to satisfy this requirement, a petitioner must fairly present his federal claims to the highest state court from which a decision can be had. <u>See Boerckel</u>, 526 U.S. at 845, 119 S. Ct. at 1732-33; <u>accord</u> <u>Morgan v. Bennett</u>, 204 F.3d 360, 369 (2d Cir. 2000); <u>Pesina v. Johnson</u>, 913 F.2d 53, 54 (2d Cir. 1990).

A petitioner must return to state court if he has not exhausted his state remedies. See Engle v. Isaac, 456 U.S. 107, 125 n.28, 102 S. Ct. 1558, 1570 n. 28 (1982); Grey v. Hoke, 933 F.2d 117, 120 (2d Cir. 1991); Robertson v. Artuz, No. 97 Civ. 2561 (DC), 2000 WL 10265, at *3 (S.D.N.Y. Jan. 4, 2000). However, for exhaustion purposes, "'a federal habeas court need not require that a federal claim be presented to a state court if it is clear that the state court would hold the claim procedurally barred.'" Grey, 933 F.2d at 120 (quoting Harris v. Reed, 489 U.S. 255, 263 n.9, 109 S. Ct. 1038, 1043 n.9 (1989)). If a petitioner has no available state forum in which to pursue a remedy because of a state procedural bar, his claim may be deemed exhausted, yet procedurally barred. See Teague v. Lane, 489 U.S. 288, 297-299, 109 S. Ct. 1060, 1068-1069 (1989); Carvajal, 633 F.3d at 104; Aparicio v. Artuz, 269 F.3d 78, 90 (2d Cir. 2001); Grey, 933 F.2d at 120.

II. Application

Here, Petitioner failed to perfect his direct appeal, and all of the claims presented in the Petition remain unexhausted. Accordingly, the Petition, like the three petitions that preceded it, is premature.

Petitioner acknowledges that he failed to perfect his direct appeal, but he questions his ability to return to state court "when he did not preserve [his claims] for appellate review." (Pet'r's

10

Reply ¶ 3.) Petitioner explains that he did not raise his current claims at trial and failed to preserve them on the record. (See id. ¶¶ 2-4, 22.) Although Petitioner may be correct that his claims are unpreserved, until the state appellate courts make such a finding, this court cannot review his claims.

Pursuant to 28 U.S.C. § 2254(b)(1)(A), a federal court can only grant habeas relief if "the applicant has exhausted the remedies available in the courts of the State. . . ." In Grey v. Hoke, the Second Circuit held that a federal habeas court need not require a Petitioner to present his claim in state court if it is "clear that the state court would hold the claim procedurally barred." 933 F.2d at 117 (citations omitted). However, it is not clear that Petitioner's claims are, in fact, procedurally barred.[2] Although Petitioner asserts that his claims are unpreserved, neither party has submitted a record to support this contention. Moreover, a federal habeas court will only consider a claim exhausted if the Petitioner has no state remedies available. See

---

[2] Of course, if Petitioner's claims turn out to be procedurally barred under New York law, that would be an independent state law ground for denying the Petition. See Gray v. Netherland, 518 U.S. 152, 162, 116 S. Ct. 2074, 2080 (1996) ("[The exhaustion requirement] is satisfied if it is clear that [the habeas petitioner's] claims are now procedurally defaulted under [state] law. . . . However, the procedural bar that gives rise to exhaustion provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim. . . .") (internal quotation marks and citations omitted).

Bossett v. Walker, 41 F.3d 825, 828 (2d Cir. 1994) (explaining that a federal habeas court will only deem a claim exhausted under 28 U.S.C. § 2254(b) "if the petitioner no longer has remedies available in the state courts") (internal quotation marks and citations omitted); Robertson, 2000 WL 10265, at *4 ("If a petitioner has no available state forum to pursue a state remedy because of a procedural bar, his claim may be deemed exhausted, yet forfeited.") (citation omitted). Here, Petitioner may still pursue his direct appeal and state remedies remain available. Given this procedural posture, this Court will not consider Petitioner's claims exhausted.

To exhaust his claims, Petitioner must first perfect his direct appeal with the Appellate Division First Department. Assuming that the Appellate Division denies Petitioner's appeal, Petitioner must apply for leave to appeal to the New York State Court of Appeals. Once the Court of Appeals either denies Petitioner leave or grants leave and issues a decision on the appeal, Petitioner may seek habeas relief in federal court.

## CONCLUSION

For the reasons set forth above, this Court respectfully recommends that the Petition for a writ of habeas corpus be dismissed as premature. Moreover, given that this Petition represents Petitioner's third such petition since 2009, this Court

12

respectfully recommends that Petitioner be required to submit documentation that he has perfected his direct appeal and obtain permission from the Court prior to filing any subsequent petitions. Further, because Petitioner has not made a substantial showing of the denial of a constitutional right, the Court recommends that no certificate of appealability be issued. See 28 U.S.C. § 2253(c)(2); Lucidore v. N.Y. State Div. of Parole, 209 F.3d 107, 112 (2d Cir. 2000). The Court further recommends that the Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from its order would not be taken in good faith. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 920-21 (1962).

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72 of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6(a) and (e). Such objections shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of the Honorable Paul G. Gardephe, United States District Judge, and to the chambers of the undersigned, Room 1660. Any requests for an extension of time for filing objections must be directed to Judge Gardephe. Failure to file objections will result in a waiver of those objections for purposes of appeal. See Thomas v. Arn, 474 U.S. 140, 145, 106 S. Ct. 466, 470 (1985); Frank v.

Johnson, 968 F.2d 298, 300 (2d Cir. 1992); <u>Small v. Sec'y of Health & Human Servs.</u>, 892 F.2d 15, 16 (2d Cir. 1989).

Respectfully submitted,

_____
THEODORE H. KATZ
UNITED STATES MAGISTRATE JUDGE

Dated: February 2, 2012
       New York, New York