USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/25/12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSEPH J. WATSON,

                Plaintiff,

      - against -

NORMAN R. BEZIO,

                Defendant.

**ORDER**

11 Civ. 3591 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

       Joseph J. Watson filed a pro se petition for a writ of habeas corpus on May 12, 2011. In an order dated June 15, 2011, this Court referred the petition to Magistrate Judge Theodore H. Katz for a Report and Recommendation ("R&R"). (Dkt. No. 7) On February 2, 2012, Judge Katz issued a 14-page R&R recommending that the Court dismiss Watson's petition as premature. (Dkt. No. 12) For the reasons stated below, this Court hereby adopts the R&R of Magistrate Judge Katz and dismisses Watson's petition as premature.

## BACKGROUND

       On October 10, 2003, Watson was arraigned on Indictment 5277/2003, which charged him with Grand Larceny in the Second Degree (R&R at 3 (citing Rodriguez Decl., Ex. B ¶ 6)). On January 30, 2004, the State filed a superseding indictment against Watson, Indictment 0229/2004, charging him with both Grand Larceny and Criminal Possession of Stolen Property in the Second Degree. (R&R at 3 (citing Rodriguez Decl., Ex. B ¶ 6))

       Prior to trial, Watson made several motions to dismiss the criminal charges against him, all of which were denied. (R&R at 4-5) The case proceeded to trial, and the jury convicted Watson on both counts. On October 27, 2004, the trial court sentenced Watson to an

indeterminate prison term of seven to fourteen years' imprisonment and restitution in the amount of $463,050.00. (R&R at 3-4 (citing Poole Aff. ¶ 9; Wolkowitz Aff. ¶ 2)) The trial court advised Watson that if he failed to pay restitution, he would be sentenced to an additional year in prison. (R&R at 4 (citing Poole Aff. ¶ 9)) On June 4, 2005, Watson was re-sentenced to seven and one-half to fifteen years' imprisonment as a result of his failure to pay restitution. (R&R at 4 (citing Poole Aff. ¶ 9))

On October 27, 2004, following his conviction, Watson filed a notice of appeal with the Appellate Division, First Department. (R&R at 5 (citing Rodriguez Decl., Ex. A at 5)) Watson never perfected this appeal, but it has not been dismissed. (R&R at 5 (citing Rodriguez Decl., Ex. A at 5; Resp. Mem. at 6))

On June 30, 2009, Watson filed a motion to vacate his sentence pursuant to New York Criminal Law § 440.10. (R&R at 5 (citing Rodriguez Decl., Ex. A)) On September 24, 2009, the Supreme Court for the State of New York denied Watson's motion. (R&R at 6 (citing Rodriguez Decl., Ex. C)) On October 27, 2009, Watson applied to the Appellate Division, First Department for leave to appeal, which was denied on July 7, 2010. (R&R at 7 (citing Rodriguez Decl., Ex. D, F))

On February 4, 2005, May 26, 2009, and November 9, 2010, Watson filed petitions for a writ of habeas corpus in the Southern District of New York. (R&R at 7-8) All three petitions were dismissed as premature, because Watson's direct appeal was still pending in the Appellate Division. (R&R at 7-8 (citing Watson v. Annetts, No. 05 Civ. 1822(MBM) (S.D.N.Y. Mar. 25, 2005); Watson v. LeClair, No. 09 Civ. 4870(KMW) (S.D.N.Y. May 26, 2009); Watson v. Vance, No. 10 Civ. 9001(NRB) (S.D.N.Y. Mar. 15, 2011))) Each dismissal

was without prejudice to Watson filing a new petition once he exhausted his state court remedies. (R&R at 7-8)

The instant Petition represents Watson's fourth petition for a writ of habeas corpus. (R&R at 8) Watson argues that: (1) re-sentencing him for failing to pay restitution violated the Double Jeopardy Clause of the Fifth Amendment; (2) the State failed to provide him with sufficient details concerning the charges against him; and (3) he was denied the right to confront one of the State's witnesses against him. (R&R at 8) Respondent has moved to dismiss the Petition as premature because Watson still has not perfected his direct appeal. (Dkt. No. 15)

As noted above, in the R&R, Judge Katz recommends that this Court dismiss the Petition as premature. (R&R at 10-12) Judge Katz further recommends that Watson be required – as a precondition for filing any new habeas petitions – to submit documentation that he has perfected his direct appeal and to obtain permission from the Court prior to filing any new habeas petitions. (R&R at 12-13)

The R&R was sent to the parties on February 2, 2012. Under 28 U.S.C. § 636(b)(1)(C), "[w]ithin fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations."[1] 28 U.S.C. § 636(b)(1)(C); see also Fed. R. Civ. P. 72(b)(2) (stating that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific, written objections to the proposed findings and recommendations"). Watson submitted his objections to the R&R on February 9, 2012. (Dkt. No. 21)

---

[1] The R&R recites the requirement that parties must file objections within fourteen days of service, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, and the consequences for failure to timely object. (R&R at 13-14)

**DISCUSSION**

In evaluating a Magistrate Judge's R&R, a district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). When a timely objection has been made to the Magistrate Judge's recommendations, "[the district court judge] shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. "'[T]o the extent . . . that the [objecting] party makes only conclusory or general arguments, or simply reiterates the original arguments, the Court will review the [R&R] strictly for clear error.'" DiPilato v. 7–Eleven, Inc., 662 F. Supp. 2d 333, 339 (S.D.N.Y. 2009) (quoting IndyMac Bank, FSB v. Nat'l Settlement Agency, Inc., No. 07-CV-6865(LTS)(GWG), 2008 WL 4810043, at *1 (S.D.N.Y. Oct. 31, 2008)). Although "[t]he objections of parties appearing pro se are 'generally accorded leniency' and should be construed 'to raise the strongest arguments that they suggest,'" nevertheless "even a pro se party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." Id. at 340 (citations omitted).

Here, Watson's objections lack specificity. He states that "[t]he writ of habeas corpus should be granted here," and that the "Report and Recommendation should be dismissed as 'moot case.'" (Dkt. No. 21) (emphasis in original) Watson also states that "[o]n or about May 3, 2011, State of New York, Court of Appeals Clerk of the Court, Mr[.] Andrew W. Klein, . . . said, that a[n] 'appeal' from this Judgment of Conviction and sentence, (229) N.Y. County, People v. Joseph Watson October 27, 2004, is time-barred here." (Dkt. No. 21) (emphasis in original)

Because Watson's objections lack specificity, Judge Katz's R&R will be reviewed for clear error. See Gilmore v. Comm'r of Soc. Sec., No. 09 Civ. 6241(RMB)(FM), 2011 WL 611826, at *1 (S.D.N.Y. Feb. 18, 2011) ("'The district judge evaluating a magistrate judge's recommendation may adopt those portions of the recommendation, without further review, where no specific objection is made, as long as they are not clearly erroneous.'") (quoting Chimarev v. TD Waterhouse Investor Servs., Inc., 280 F. Supp. 2d 208, 212 (S.D.N.Y. 2003)).

To the extent that Watson is arguing that the New York Court of Appeals has ruled that his direct appeal is time-barred, he has not provided any documentation to support this assertion. Indeed, such an assertion would contradict Watson's June 30, 2009 motion to vacate judgment (R&R at 5 (citing Rodriguez Decl., Ex. A)), in which he states that although a notice of appeal was filed on October 27, 2004, his direct appeal was never perfected. (R&R at 5 (citing Rodriguez Decl., Ex. A at 5); see also Wolkowitz Aff. ¶ 5)

Before this Court or any other federal court may consider Watson's petition for a writ of habeas corpus, he must exhaust his state remedies. See 28 U.S.C. § 2254(b)(1)(A); Cone v. Bell, 556 U.S. 449, 465 (2009). Because Watson has never pursued a direct appeal in the Appellate Division, First Department, he does not meet the exhaustion requirement. In sum, state remedies remain available to Watson, and he may not seek habeas relief until those state remedies are exhausted.

Having conducted a review of the R&R, the Court finds that it is not clearly erroneous and, in fact, is in conformity with the law. Accordingly, the R&R's recommendations are adopted in their entirety, and Watson's petition for a writ of habeas corpus is dismissed as premature. In addition, prior to filing any new petition for a writ of habeas corpus, Watson will

5

be required to obtain permission from the Court and submit documentation that he has perfected his direct appeal.

## CONCLUSION

For the reasons stated above, the Court adopts the findings and conclusions set forth in Judge Katz's Report and Recommendation in their entirety. Respondent's motion to dismiss the Petition for a Writ of Habeas Corpus is GRANTED. The Clerk of the Court is directed to terminate Respondent's motion (Dkt. No. 15), and to close this case. It is further ordered that prior to filing any new petitions for a writ of habeas corpus, Petitioner must obtain permission from the Court and submit documentation that he has perfected his direct appeal. The Clerk of the Court is further directed to mail a copy of this order to pro se Petitioner Joseph J. Watson, 04-A-5900, Great Meadow Corr. Fac., 11739 State Route 22, P.O. Box 51, Comstock, NY 12821.

Dated: New York, New York
       June 25, 2012

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge

Copy to:
Joseph J. Watson (pro se)
04-A-5900
Great Meadow Corr. Fac.
11739 State Route 22
P.O. Box 51
Comstock, NY 12821